UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL |
| VERSUS | |
| DENMOND L. SMITH | NO.  17-13-JWD-RLB |

## RULING

This matter is before the Court on the Defendant's second motion for compassionate release (R. Doc. 740) filed pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018). The Government opposes this motion. *See* R. Doc. 752.  For the following reasons, the motion is denied.

## BACKGROUND

Defendant is currently incarcerated at Coleman FCI following his guilty pleas to conspiracy to distribute and possess with the intent to distribute heroin, unlawful use of communication facilities, conspiracy to distribute five grams or more of methamphetamine, and distribution of five grams or more of methamphetamine.  His projected release date is October 17, 2025.

The Defendant now moves for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), claiming that he is at a higher risk of contracting Covid-19 due to a pre-existing health condition of asthma.  The Government asserts that the Defendant has failed to exhaust his

administrative remedies. As such, the threshold issue is whether the Court has authority to consider the Defendant's motion.

The compassionate release statute states in pertinent part:

> The court may not modify a term of imprisonment once it has been imposed except that ... the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that ... extraordinary and compelling reasons warrant such a reduction .... 18 U.S.C. § 3582(c)(1)(A)(i).

The statute therefore provides two routes whereby a defendant's motion can be brought properly before the court. Both routes begin with the defendant requesting that "the Bureau of Prisons" "bring a motion on the defendant's behalf." *Id.*

As clarified by the Court in *United States v. Franco*, No. 20-60473, 2020 WL 5249369, at *1 (5th Cir. Sept. 3, 2020), the statute's language is mandatory. Congress has commanded that a "court *may not* modify a term of imprisonment" if a defendant has not filed a request with the BOP. *See* 18 U.S.C.§ 3582(c) (emphasis added).

In the instant Motion, Defendant asserts that he exhausted his administrative remedies by submitting a written request to the warden on October 7, 2020 to bring a motion on his behalf. The defendant further asserts that after 30 days he filed the instant Motion. Defendant has not included a copy of the referenced request and has not identified the date the request was received by the warden. The Government, on the other hand, represents in its opposition that "The undersigned consulted with an attorney for BOP, who stated that BOP has not received a RIS

request from Smith." *See* R. Docs. 752, p. 5, 752-2, and 752-4. As such, Defendant has not met his burden with regards to exhaustion. Accordingly,

**IT IS ORDERED** that the Defendant's motion for compassionate release (R. Doc. 740) is **DENIED WITHOUT PREJUDICE** for lack of jurisdiction, subject to refiling if Defendant exhausts his administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A).

Signed in Baton Rouge, Louisiana, on May 6, 2021.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**