UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                                             CRIMINAL

VERSUS

DENMOND L. SMITH                                                     NO.17-13-JWD-RLB

## ORDER

This matter is before the Court on a *Motion for Sentence Reduction Pursuant to* 18 U.S.C. § 3582(c) filed by Defendant, Denmond L. Smith ("Defendant").[1] The Government opposes this motion and defendant has filed a reply.[2] For the following reasons, the motion is denied.

## Background

Defendant is currently incarcerated at El Reno FCI in El Reno, Oklahoma. Defendant is serving a 120-month sentence. The Defendant now moves for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), claiming that the combination of COVID-19, his medical conditions, and living in crowded conditions are "extraordinary and compelling" reasons to reduce his sentence.[3]

## Law and Analysis

A judgment, including a sentence of imprisonment, "may not be modified by a district court except in limited circumstances."[4] Under 18 U.S.C. § 3582(c), a court generally "may not modify a term of imprisonment once it has been imposed," except in three circumstances, only one of which is applicable here: upon a motion for reduction in sentence under 18 U.S.C. §

---

[1] R. Doc. 881.
[2] R. Docs. 886 and 908.
[3] R. Doc. 881.
[4] *Dillon v. United States*, 560 U.S. 817, 825 (2010).

3582(c)(1)(A), which provides the basis for Defendant's motion. Under § 3852(c)(1)(A)(i), a court may reduce a prisoner's sentence "if it finds that" (1) "extraordinary and compelling reasons warrant such a reduction" and (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission."

### Extraordinary and Compelling Reasons

The Sentencing Commission has identified three specific reasons that are considered "extraordinary and compelling" as well as a broader provision for reasons deemed "extraordinary and compelling."

> 1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2) [regarding absence of danger to the community], extraordinary and compelling reasons exist under any of the circumstances set forth below:
> 
>     (A) Medical Condition of the Defendant.—
>         (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end stage organ disease, and advanced dementia.
>         (ii) The defendant is—
>             (I) suffering from a serious physical or medical condition,
>             (II) suffering from a serious functional or cognitive impairment, or
> 
>     (B) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>         (B) Age of the Defendant.—The defendant
>             (i) is at least 65 years old;
>             (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
> 
>     (C) Family Circumstances.—
>         (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

>    (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
>    (D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C). U.S.S.G § 1B1.13 cmt. n. 1.

The defendant bears the burden to establish circumstances exist under which he is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i).[5] The only "extraordinary and compelling reason" that would apply in this case is "(A) Medical Condition of the Defendant," in light of COVID-19.

## COVID-19

Defendant claims to suffer from several diabetes, hypertension, and anxiety. Prior to mass vaccination being available, and particularly during the height of the pandemic, courts recognized that COVID-19 coupled with high-risk comorbidities may constitute extraordinary and compelling reasons sufficient for compassionate release, but since then, "[i]n light of the COVID-19 vaccine, 'courts have recognized the difficulty in proving extraordinary and compelling reasons even when an inmate has a high-risk comorbidity.'"[6] Additionally, due to the availability of full vaccination, "it is now well understood, both the likelihood of contracting COVID-19 and the associated risks should one contract the virus are significantly reduced so that an inmate largely faces the same risk from COVID-19 as those who are not incarcerated."[7] Considering the availability of vaccination,

---

[5] *United States v. Ennis*, EP-02-CR-1430-PRM-1, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release." (citing *United States v. Stowe*, No. CR H-11-803 (1), 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019))); *United States v. Wright*, Crim. Action No. 16-214-04, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020) (Petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute.").
[6] *United States v. Mazyck*, 2023 WL 5431582, at *4 (D.S.C. Aug. 23, 2023) (quoting *United States v. Eppard*, 2022 WL 1785274, at *3 (W.D. Va. June 1, 2022)).
[7] *Mazyck*, 2023 WL 543 1582, at *4 (internal quotation marks and citations omitted).

Courts have also acknowledged that, for all intents and purposes, the COVID-19 pandemic is over,[8] and thus, that the risks posed by COVID-19, generally, do not constitute an extraordinary and compelling reason for a reduced sentence.[9] Indeed, courts have held that "[f]or most prisoners, the availability and effectiveness of vaccines make it 'impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release."[10]

Defendant's records show that he is fully vaccinated. The availability of vaccines means that Defendant can mitigate his risk of developing the most serious illnesses. As such the court does not find that the risks posed by COVID-19 constitute an extraordinary and compelling reason for a reduced sentence. There are zero cases of COVID-19 at El Reno FCI where Defendant is currently located, which further diminishes the risk of his exposure to COVID-19. Any elevated risk for COVID-19 is a risk that Defendant can adequately mitigate, and thus does not constitute an extraordinary and compelling reason to warrant a reduction in his sentence. Furthermore, the BOP has undertaken "extensive and professional efforts to curtail the [COVID-19] virus's spread."[11] Accordingly the Motion seeking compassionate release will be denied.

---

[8] *United States v. Casey*, No. 15-CR-1, 2023 WL 4306765, at *2 (S.D. Miss. June 30, 2023) (quoting *United States v. Ruiz*, No. 19CR269, 2023 WL 3628265, at *5 (E.D. Tex. May 24, 2023) (internal footnotes omitted)) ("[b]oth international and domestic health authorities, particularly the World Health Organization, the United States Centers for Disease Control and Prevention, and the federal government, have made clear that the COVID-19 pandemic has ended.").

[9] *Mazyck*, 2023 WL 5431582, at *5 (quoting *United States v. Raap*, 2021 WL 2328048, at *2 (D.S.C. June 8, 2021)).

[10] *Id.*, (citing *United States v. Brown*, 2022 WL 1664474, at *2 (D. Md. May 25, 2022) (quoting *United States v. Collins*, 2021 WL 4991588, at *3 (W.D. Va. Oct. 27, 2021))). "In the absence of evidence suggesting a particular risk of infection at the facility where a defendant is housed, the overall reduction in cases may indicate that the COVID-19 pandemic no longer constitutes an exceptional and compelling reason for compassionate release even in conjunction with underlying medical conditions." *Id.* (quoting *Raap*, 2021 WL 2328048, at *2).

[11] *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

**Conclusion**

For the above and foregoing reasons,

**IT IS ORDERED** that the Defendant's Motion[12] is **DENIED**.

Signed in Baton Rouge, Louisiana, on <u>August 31, 2023</u>.

**JUDGE JOHN W. deGRAVELLES
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[12] R. Doc. 881.